# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KRISTIE MICHELE TRENT ASHCRAFT,

        Plaintiff,

v.                                                      Civil Action No. 2:16-CV-102

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION

### I.    SUMMARY

The Plaintiff advances three arguments, none of which the Court finds persuasive. Therefore, the Court recommends that the Plaintiff's [ECF No. 10] Motion for Summary Judgment be denied and the Commissioner's [ECF No. 12] Motion for Summary Judgment be granted.

First, the Plaintiff argues that the Administrative Law Judge ("ALJ") improperly discounted the psychological opinions of medical professionals and instead formulated his own opinions of Plaintiff's limitations based only on his interpretation of Plaintiff's daily living activities. However, the weight given to each source is explained satisfactorily by the ALJ, and substantial evidence exists to support each finding.

Second, the Plaintiff argues since the ALJ used standards which are legally insufficient in determining the amount of weight that should be given to medical professionals who treated Plaintiff, substantial evidence did not exist to support the ALJ's overall conclusion. Yet, the ALJ's decision is supported by substantial evidence.

Third, the Plaintiff argues that since substantial evidence does not exist to support the ALJ's findings, the only appropriate remedy is a remand only for the purposes of calculating the

amount of Plaintiff's benefits. However, as stated above, the ALJ's findings were indeed supported by substantial evidence.

## II. PROCEDURAL HISTORY

On June 26, 2013, the Plaintiff, Kristie Michele Trent Ashcraft, filed a Title II application for disability insurance benefits (DIB). R. 23. The Plaintiff's application alleged a disability beginning May 29, 2013. R. 23. The Plaintiff's application was denied on September 24, 2013, and again upon reconsideration on November 22, 2013. R. 23. Thereafter, the Plaintiff filed a request for a hearing on December 11, 2013. R. 23. The Plaintiff, represented by counsel, appeared and testified at a hearing held in Morgantown, WV on May 22, 2015, as did a vocational expert ("VE"). R. 23. On August 21, 2015, the ALJ issued an unfavorable decision. R. 20. The Appeals Council denied Plaintiff's request for review of the ALJ's findings on September 28, 2016. R. 1.

On November 22, 2016, Plaintiff filed a complaint in this Court to obtain judicial review of the decision of the Commissioner of Social Security denying her application. ECF No. 1.

## III. THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether

the claimant's impairment or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since May 29, 2013, the alleged onset date. R. 15. At step two, the ALJ found that the Plaintiff had the following severe impairments: bipolar I/II disorder without psychotic features, anxiety disorder not otherwise specified, personality disorder not otherwise specified, and morbid obesity. R. 25. At the third step, the ALJ found that none of the Plaintiff's impairments met or medically equaled the severity of one of the listed impairments contained in the listings. R. 26. The ALJ then determined that the Plaintiff had the following RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) except: should work in a low stress environment with no production line or assembly line type of

pace, no independent decision-making responsibilities, and minimal changes in the daily work routine; is limited to unskilled work involving only routine and repetitive instructions and tasks; should have no interaction with the general public, and minimal, no more than occasional interaction with co-workers and supervision.

R. 27-28. At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work. R. 32. At step five, the ALJ determined that, "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." R. 33. Thus, the ALJ found that the Plaintiff was not disabled. R. 34.

## IV. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial

4

evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

## V. DISCUSSION

The Plaintiff advances three arguments. First, that the ALJ substituted his judgment for that of medical experts based solely on Plaintiff's daily living activities. Second, that as a result of her first argument, the ALJ's decision was not supported by substantial evidence. Third, that in light of the first two arguments, the appropriate remedy is a remand only for the purpose of

calculating the amount of benefits to which the Plaintiff is entitled. The Court is unpersuaded by these arguments.

### A. The ALJ's Evaluation of the Medical Evidence was Sufficient

The Plaintiff contends that in determining Plaintiff's RFC, the ALJ improperly discounted the opinions of medical experts contained in the record, and instead based his finding on his own perception of Plaintiff's capabilities based on what she reports being able to do on a day to day basis. Plaintiff goes on to argue that this is a legally insufficient method for determining Plaintiff's RFC and thus requires remand. The Court disagrees.

In determining whether a claimant is disabled, the ALJ always considers the medical opinions in the case record together with the rest of the relevant evidence. 20 C.F.R. § 416.927(b). Generally, more weight is given to a medical source who has treated the claimant than to one who has not. *Id*. § 416.927(c). Other factors considered when evaluating how much weight to give a medical source include: length and frequency of treatment relationship, nature and extent of treatment relationship, the supportability of the findings, the consistency when compared against the record as a whole, whether the physician is a specialist, and any other factors brought to the ALJ's attention which tend to support or contradict the findings. *Id*.

Here, there was substantial opinion evidence that supported the ALJ's determination of the Plaintiff's RFC. Doctors Ann Logan and David Allen, the state agency consultants, found that the Plaintiff had only mild restrictions in daily living activities and social functioning. R. 32. Therefore, when the ALJ chooses to only afford "some" weight to Dr. Logan and Dr. Allen, he is helping, not hurting, Plaintiff's chances for a finding of disability.

Furthermore, 20 C.F.R. 416.927(d) provides that opinions on some issues are not medical opinions; rather they are "opinions on issues reserved to the Commissioner because they are

administrative findings that are dispositive of a case." *Id*. This includes determinations about whether a claimant is disabled or unable to work. *Id*. The regulation goes on to say that although "we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner." *Id*. In conclusion, 20 C.F.R. 416.927(d)(3) states that special significance will not be given "to the source of an opinion on issues reserved to the Commissioner." *Id*.

While the Plaintiff maintains that the ALJ "discounted all of the psychological opinion evidence and then formulated his own opinion as to how severe Ms. Ashcraft's psychological limitations were," 20 C.F.R. 416.927 indicates that taking into consideration all of the evidence available to him and using that evidence to formulate an opinion about the Plaintiff's RFC is precisely what the ALJ is tasked with doing. Additionally, 20 C.F.R. § 404.1527(c)(3) states that the more medical evidence there is to support a medical opinion, the more weight it will be given. Indeed, as stated above, the *supportability of the findings* is an expressly named consideration when evaluating opinion evidence. 20 C.F.R. § 416.927(c) (emphasis added). Here, the Plaintiff points to no objective medical evidence to support Plaintiff's position. Therefore, the ALJ was within the stated rules to downgrade the weight given to opinion evidence which appears not to be supported by objective evidence.

The Plaintiff relies heavily on *Forquer v. Colvin*, which holds that an ALJ may not discount all medical opinion evidence and rely instead upon Plaintiff's daily living report. *Forquer v. Colvin*, 2016 WL 4250364. However, a more recent case decided by the same Court held that "[a]n ALJ need not credit one of the medical opinions in order to support a decision;

rather what the ALJ must consider is the evidence of record, which may contain medical opinions." *Lafferty v. Colvin*, 2017 WL 836917 (N.D. W.Va. 2017). Here, the ALJ did not rely solely on Plaintiff's daily living report; rather he considered the record as a whole and gave clear reasoning for each conclusion reached. Therefore, the amount of weight given to each source by the ALJ was permissible and supported by law.

### B. The ALJ's Decision was Supported by Substantial Evidence

The second part of Plaintiff's argument piggybacks off the first in contending that because the ALJ relies only on Plaintiff's daily living reports in reaching his conclusions, it follows that substantial evidence does not support the ALJ's findings. The Court disagrees.

To be persuaded by leg two of Plaintiff's argument, the Court would have to agree with Plaintiff's contention in the first section of her argument and find that the ALJ improperly discounted all relevant medical evidence and instead formulated his own opinions about the severity of Plaintiff's impairments without substantial evidence from the record to support that position. For reasons discussed above, the Court finds that the ALJ's conclusions were well reasoned, supported by substantial evidence, and therefore legally sufficient.

Although this part of the Plaintiff's argument is similar to the first, Plaintiff does add here that the ALJ improperly referred to Plaintiff's treatment as "conservative," and in doing so, committed an error of law. ECF No. 11 at 8-10. The Plaintiff argues that her treatment was not conservative, and should not be a basis for the ALJ's findings. *Id*.

According to 20 C.F.R. § 404.1529(c)(3), it is appropriate for an ALJ to consider things such as Plaintiff's current or past treatment; and any medication including the dosage, effectiveness, and side effects of that medication. Furthermore, treatment that the ALJ deems conservative is an adequate basis for contradicting medical opinion evidence suggesting

otherwise. *Dunn v. Colvin*, 607 F. App'x. 264, 273 (4th Cir. 2015). Finally, the ALJ is entitled to a "zone of choice within which the decisionmakers can go either way, without interference from the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision. *Id*. (quoting Clarke *v*. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). Therefore, when considering the lack of objective evidence to substantiate Plaintiff's claims, and opinions by the state agency consultants to the contrary, the ALJ's statement that "the claimant has a treatment history that fails to demonstrate a condition of the degree of severity for which the claimant has alleged. The claimant . . . has sought only conservative treatment" is not counter to guidelines and his analysis is legally sufficient and supported by substantial evidence.

### C. Remand for Calculation of Benefits is Not Appropriate

Lastly, Plaintiff argues that since the ALJ's decision is not supported by any discernable evidence of record, Plaintiff is entitled to a remand with orders that the only thing to be done on remand is a calculation of the benefits to which the Plaintiff is entitled. ECF No. 11 at 10-11. This, of course, assumes that the Court agrees with the Plaintiff's first two arguments. Since the Court does not, the argument for what instructions should be given on remand is moot and does not need to be addressed by the Court. Therefore, a remand with instructions only to calculate the amount of Plaintiff's benefit is not an appropriate outcome here.

## VI. RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations. Accordingly, the Court **RECOMMENDS THAT**:

1. Plaintiff's [ECF No. 10] Motion for Summary Judgment be **DENIED**; and
2. Commissioner's [ECF No. 12] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 12, 2017               */s/ James E. Seibert*
                                        JAMES E. SEIBERT
                                        U.S. MAGISTRATE JUDGE